## 11398.  HOLTZENDORF v. McNEIL.

PER CURIAM.   1. The judge may supply omissions in a bill of exceptions by interlineation or note, if the interlineation or note does not have the effect of showing that some of the averments in the bill of exceptions are untrue. *Jarriel* v. *Jarriel,* 115 *Ga.* 23 (41 S. E. 262). Thus, a note by the judge, not in conflict with the averments made in the bill of exceptions, to the following effect, " At the trial term an oral motion was made by defendant's counsel to dismiss plaintiff's petition, upon the ground that no cause of action was set out, same was overruled, and no exceptions pendente lite were filed to said ruling," would not authorize dismissal of the bill of exceptions.
2. An expert such as a dentist, who has qualified as such, can testify as to the condition of any matter of thing pertaining to his particular

business or trade, and, after he has thus established as an expert the condition of the thing involved, its value becomes a matter of opinion; and his opinion as to value, whether the question of abstract value pertains to his trade or not, when given as an opinion upon a question which necessarily involves an opinion, is competent for that reason. *Central Railroad* v. *Wolff*, 74 *Ga.* 664 (3); *Crump* v. *Knox*, 18 *Ga. App.* 437 (89 S. E. 586). Thus, the testimony of a dentist, stating as an expert the condition of a tooth which it is alleged was extracted by mistake, followed by his opinion as to its value, was properly admitted. Moreover, counsel for the plaintiff in error, though objecting to the testimony when first offered, did not, when it was offered a second time under the specific ruling of the court, renew the objection; and for this additional reason there was no error in admitting it. *Bailey* v. *Ogden*, 75 *Ga.* 874.

*Judgment affirmed. Jenkins, P. J., and Stephens and Smith, JJ., concur.*

DECIDED NOVEMBER 10, 1920.

Action for damages; from city court of Valdosta — Judge Cranford. February 7, 1920.

The action was against a dentist, for alleged negligence of an agent or employee in his office, in extracting two teeth. The trial resulted in a verdict against the defendant, for $500. On the trial a witness for the plaintiff testified that he had been practicing dentistry since 1905. In one of the grounds of the motion for a new trial it is stated that this witness "was permitted to testify before the jury, in response to a question by plaintiff's counsel in regard to the value of a tooth alleged to have been wrongfully extracted by defendant's agent, if he (the witness) thought a thousand dollars would be excessive, as follows: 'No, sir, I don't think it would.'" It is alleged that this evidence was illegally admitted, over the objections of the movant that "such question and the answer thereto called for an opinion of the witness not based upon his experience as a dentist," that "the witness could not legally express an opinion as to the value of a tooth," that "any answer he might give to the question propounded would be purely a question of abstract opinion on his part," and that "if the witness undertook to speak as a dental surgeon, his opinion as to the value of a tooth to an individual would be obliged to be tinged with his opinion as a man."

*James M. Johnson,* for plaintiff in error.

*Franklin & Langdale, A. J. Little,* contra.