11791.  BIBB MANUFACTURING COMPANY *v.* SNOW.

1. The amount of damages found by the jury will not be interfered with by this court unless so small or so large as to justify the inference of gross mistake, undue bias, or prejudice. An inference that the amount of damages in the present case is excessive is not justified by the evidence.
2, 3. The excerpts from the charge of the court on which error is assigned stated correctly principles of law applicable to the evidence, and were sufficient in the absence of timely requests for more specific instructions.
4. The charge on the subject of comparative negligence was not applicable to the case, but was not prejudicial to the defendant.

DECIDED MARCH 16. 1921.

Action for damages; from Newton superior court — Judge Hutcheson. July 23, 1920.

Snow, a minor, more than 14 years of age, by his mother, as next friend, sued the Bibb Manufacturing Company for damages in the sum of $5,000, alleging, in substance, that July 19, 1918,

he entered into the employment of the defendant, under a contract of employment made with his mother, she being a widow; that while he was engaged in the performance of his duty in the operation of what is known as a carding machine, it became necessary for him to lift a certain lid, described in the petition, and that while he was lifting this lid his hand slipped off and went into the cylinder of the machine, and the steel teeth of the same cut off and badly mangled three fingers of his right hand. The petition alleges that the machine was defective and not a machine equal in kind to that in general use, and not reasonably safe for persons to operate with ordinary care and diligence; the particular defect in the machine being that it was not equipped with a handle or knob by which the operator could take hold of the said lid when necessary to do so and thus prevent his hand from slipping off. It is further alleged that at the time of the injury the said minor was 16 years of age and had been working on that particular job only a few days prior to his injuries, and that he did not appreciate the dangers in the machine and did not have equal means with the master of knowing of said dangers. The defendant, in addition to the general denial of the allegations in the petition, alleged that the said minor was warned of all the dangers incident to the running of the said machine; that his injury was the result of his own fault; that the defendant was in no wise negligent as to warnings required of it, and that the machine on which the plaintiff was injured was equal in kind to the machines in general use, and was equipped with a knob or handle whereby the lid was to be raised, and that the plaintiff was injured by his own negligence, while engaged, out of his line of duty, in raising the lid. By amendment the plaintiff alleged that after his employment the defendant put him at work at a more dangerous and hazardous employment than that for which he had been originally employed. This allegation was denied by the defendant, and the affirmative defense was set up that contributory negligence on the part of the minor was the proximate cause of the injury. The jury, on the trial of the case, returned a verdict in favor of the plaintiff for $2,000.

*Rogers & Tuck, J. C. Knox,* for plaintiff in error.

*King & Johnson,* contra.

HILL, J. (After stating the foregoing facts.) 1. The first ground

in the motion for a new trial complained of the amount of the verdict, alleging that it was excessive. The code of this State (Park's Code, § 4399) provides that, the question of damages being one for the jury, the courts should not interfere unless the damages found were so small or so excessive as to justify the " inference of gross mistake or undue bias; " and it has been uniformly held by the Supreme Court and this court that a verdict giving damages alleged to be excessive will not be set aside unless the amount reasonably indicates that the finding resulted from bias or gross mistake. The evidence on this point showed that three fingers of the plaintiff's right hand were cut off by the machine, that on account of the injuries he was confined, under the care of a physician, for over eleven weeks, suffering great pain, and that the deformed condition of his hand would not only diminish his capacity to labor, but would cause him great humiliation and mortification for the remainder of his life. In view of the very wide discretion given by our law to the jury in the assessment of damages for pain and suffering, the loss of time occasioned by the injuries, and the diminution of capacity to labor caused by the loss of three fingers of the right hand, the conclusion is justified, in the opinion of this court, that the jury, in fixing the amount of damages, was not influenced by bias or prejudice or gross mistake.

2. The plaintiff in error excepts to the charge of the court that " a minor assumes the ordinary risks of employment of which he undertakes, in so far as those risks are or ought to be known or appreciated by the minor, whether the source of his knowledge be his own observation and experience, or instructions which he received from his employer or his employer's representative; " the error assigned being that the charge was applicable only to minors under the age of 14 years, and that a servant over the age of 14 years assumes all ordinary risks of his employment, barring only extraordinary and unusual risks and risks brought about by the negligence of the master. We think the general principle of the assumption of risks by a minor employee is correctly stated in this excerpt; and if the defendant desired a more specific application of the principle to minors over the age of 14, proper instructions should have been requested. Besides, there was evidence that the minor in question, who was not quite

sixteen, had never worked on the particular machine whereon he was hurt, until a few days before the injury, and that he was put to work on the machine without any warning or instruction as to its dangerous character, and that the dangerous character of the machine was not so manifest as to make unnecessary such instructions or warnings. The verdict may have resulted from this view of the evidence, which indicated negligence on the part of the defendant, regardless of the age of the minor.

3. The 3d and 5th grounds of the motion for a new trial complain of excerpts from the charge of the court, wherein the jury were instructed that a servant's knowledge of a defect in a machine is a bar to his suit only when it appears that he understood and appreciated the risk created by that defect; and that when deciding that question the jury would be authorized to consider the mentality, the experience, or the lack of experience, of the servant. The complaint as to these instructions was that they excluded from the minds of the jury the question whether the master has used due and proper care in ascertaining the mentality and experience, or lack of experience, of the servant at the time of his employment. In this connection the court fully instructed the jury that if the minor comprehended the risk involved, he could not recover, and that he was bound to exercise his own skill and diligence to protect himself, in the exercise of proper care and diligence in discovering the risk of his employment, and also specifically instructed the jury that if the danger was manifest and obvious, and as easily known to the servant as to the master, the latter would not be liable for any failure to give warning of the danger or instructions to the employee. The charge, therefore, on this subject, as a whole, sufficiently submitted to the jury the law relating to the facts of the case. The excerpts objected to in these grounds of the motion, we think, could not have misled the jury, and, so far as they went, were sound. If they were not full enough, and more specific and particular instructions were desired, a proper request should have been made.

4. The charge of the court on the subject of contributory negligence and the doctrine of comparative negligence was, in the abstract, correct, but we do not think that it was applicable to the facts in the case. This question was not involved either in

the pleadings or the evidence. The case was tried on the issues that the machine upon which the plaintiff was put to work was defective and not a machine equal in kind with those in general use; that the plaintiff was inexperienced in the use of such a machine and was unacquainted with its dangerous character, which was not manifest and apparent, and that the defendant failed to warn him of such dangers. Therefore the charge on the subject of comparative negligence was not applicable. But we fail to see how it was prejudicial in any respect to the defendant. We conclude, therefore, that none of the exceptions contain any substantial merit; that the case was fairly tried, and the verdict is supported by the evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*