18611.   CHAPMAN *et al. v.* INDEPENDENT LAUNDRY COMPANY.

STEPHENS, J.   1. Where two automobiles had been-damaged as a result of having collided with each other at the intersection of two streets, and where, in a suit by the owner of one of the automobiles against the owner of the other automobile to recover for the damage sustained by the plaintiff's automobile, the defendant denied liability and filed a counterclaim against the plaintiff to recover for the damage sustained by the defendant's automobile, it was not prejudicial either to the defendant's defense or to the defendant's counterclaim for damages to permit the plaintiff to prove that the defendant had, by an insurance company, been indemnified for the damage sustained by the defendant, and that the insurance company had been subrogated to the defendant's right to a claim for the damages by an assignment from the defendant to the insurance company of the defendant's claim.   The defendant hav-

ing transferred and assigned to the insurance company the defendant's right of action for a tortious injury to its property, the defendant had no right to maintain the cross-action; and therefore no right in the defendant, as respected the cross-action, was violated by the court's permitting the plaintiff to introduce evidence of the defendant's assignment of his right of action to the insurance company. *Sullivan* v. *Curling,* 149 *Ga.* 96 (99 S. E. 533, 5 A. L. R. 124) ; *Lamon* v. *Perry,* 33 *Ga. App.* 248 (125 S. E. 907).

2. The admission in evidence of the defendant's assignment and transfer to the insurance company of the defendant's right of action against the plaintiff for damage to the defendant's automobile, caused from a collision between it and an automobile of the plaintiff, and of the fact that the insurance company had indemnified the defendant for such loss, can in no way be prejudicial to the defendant's defense against the plaintiff's suit to recover of the defendant for damage sustained by the plaintiff's automobile as a result of the alleged negligent operation by the defendant of the defendant's automobile. Since the defendant was insured against damage to his own automobile, and was not indemnified for any loss sustained by virtue of a recovery by the plaintiff for damage sustained by the plaintiff's automobile, the admission of evidence of such insurance could not prejudice the defendant's case with the jury by making it appear that upon a recovery by the plaintiff the defendant would be indemnified by the insurance company. Decisions which hold that in a tort-action evidence that the defendant is indemnified by insurance is inadmissible, as being prejudicial to the defendant, are applicable only where the defendant is indemnified as against a recovery by the plaintiff for the damage sustained by the plaintiff, and are not applicable where the defendant holds insurance indemnifying him against damage to his own property, although he may have sustained it by virtue of the conduct of the plaintiff.

3. The allegation in the plaintiff's petition that the driver of his automobile observed the approach of the defendant's automobile before the former took precautionary measures to avoid a collision does not, as a matter of law, establish negligence on the part of the plaintiff's driver.

4. In view of the answer of the judge of the municipal court to the petition for certiorari, the assignment of error, contained in the petition, that the court erred prejudicially to the defendant in charging the jury that the insurance company was the real defendant in the case, is not borne out by the record.

5. In view of the above rulings the verdict found against the defendant's counterclaim and in favor of the plaintiff in the full amount sued for was authorized, and none of the alleged errors insisted upon by the plaintiff in certiorari are meritorious. The court did not err in overruling the certiorari.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED JULY 13, 1928.

*A. H. S. Weaver,* for plaintiffs in error.
*Turpin & Lane,* contra.