32311. VINSON *v.* AUGUSTA ROOFING & METAL WORKS.

Decided June 14, 1949.

*Nathan Jolles, Isaac S. Peebles Jr.,* for plaintiff.
*Hull, Willingham, Towill & Norman,* for defendant.
MacIntyre, P. J.   Were the defendant's alleged acts of negli-

gence the proximate cause, or one of the concurring proximate causes, of the injuries complained of? The answer to this question is determinative of whether the general demurrer should have been sustained. Reid's Branson on Instructions to Juries, Vol. 2, 130, § 335, quotes with approval the following definition of proximate cause in *Cochran* v. *Kendrick,* 43 *Ga. App.* 135, 142 (158 S. E. 57) : "If in a given case the injuries complained of did not flow naturally and directly from the wrongful act or omission attributed to the defendant or could not reasonably have been expected to result therefrom, or would not have resulted therefrom but for the interposition of some independent, unforeseen cause, the defendant's such antecedent wrongful act or omission would not be the proximate cause of the injury complained of." The allegations of the petition, that the defendant "knew or in the exercise of ordinary care should have known" that Peek's automobile was following his truck at a high and dangerous rate of speed, when the petition is construed most strongly against the pleader, does not allege knowledge, but merely alleges implied notice and adds nothing to the special facts pleaded. *Thomas* v. *Georgia Granite Co.,* 140 *Ga.* 459 (79 S. E. 130). The special facts pleaded do not show implied notice. The allegation thus becomes a mere conclusion of the pleader without facts pleaded to support such a conclusion, and the allegation is of no compelling value in determining the sufficiency of the petition as to whether a cause of action is set forth. *Western & Atlantic R. Co.* v. *Michael,* 175 *Ga.* 1, 10 (165 S. E. 37) ; *Thomas* v. *Georgia Granite Co.,* supra. The petition shows that the defendant's driver, Arrington, was driving the truck at a high and dangerous rate of speed in excess of 55 miles per hour, and that Arrington by his swift turn caused the Peek automobile, which was following him to hit the Hatcher car, causing the plaintiff to be pinned between the Hatcher car and his own automobile, between which the plaintiff had been standing. The defendant's driver had no control over or connection with the car driven by Peek and, so far as the petition shows, had no knowledge that Peek's car was following him. It is not alleged that the defendant's driver turned except to avoid coming in contact with the cars parked ahead of him. The defendant's driver was in no way responsible for Peek's not changing his course and driving

to the left, as Arrington had done, and thereby avoiding striking the Hatcher car, unless he contributed to it by his sudden turn to the left to pass the parked automobiles without giving Peek any notice or signal of his intention so to do. It was Arrington's duty to turn to avoid striking the automobiles. In Roberts *v.* Eason, 6 La. App. 703, it is said: "It is the duty of one driving an automobile behind another automobile to so regulate the speed of his car and the distance between it and the car ahead of it as not to collide with a truck parked on the public street in front of him in case the car he is trailing turns sharply to avoid striking the truck." At the time of the occurrence in question, the car of the defendant had entirely passed the parked automobiles and had not touched them. If the defendant's truck was traveling at a high and dangerous rate of speed, exceeding 55 miles per hour, and Peek was following the defendant's truck closely and likewise driving at a high and dangerous rate of speed as alleged, this would indicate that Peek was also violating the speed law; and if by reason of this Peek was unable to stop his car or turn to the left quickly enough to pass the parked cars without a collision, the sole proximate cause of the collision would be the act or acts of Peek, and the defendant would not be liable for the injuries. The petition affirmatively shows that the injuries did not flow naturally or directly from any or all of the alleged acts on the part of the defendant's driver, taken either singly or collectively. The failure of Arrington to see or heed the signal of the person, standing 100 yards back of the place of the occurrence on the opposite side of the road from the parked automobiles, and who signaled that Mrs. Hatcher's car was in the ditch and was being pulled out, did not proximately cause the collision; nor did the injuries flow naturally and directly from the driver's lack of a chauffeur's license, his intoxicated condition, or from the fact that he drove to some extent in a zig-zag way (not otherwise particularized in the petition); nor did any or all of the alleged acts of negligence cause the defendant's truck to directly strike the parked car; nor did any or all of them proximately cause or contribute to the reckless driving of Peek, whose independent act of so driving was unforeseen by the defendant's driver and could not reasonably have been expected to cause the injuries complained of. It was the duty of the defendant's

driver to turn to the left in passing the parked automobiles, and it was Peek's duty while driving behind the defendant's truck to so regulate the speed of his car and the distance between it and the defendant's truck ahead of him as not to collide with Mrs. Hatcher's car, parked on the public highway in front of him, in case the truck of the defendant, which he was trailing turned sharply to avoid Mrs. Hatcher's car. The instant case is differentiated from those classes of cases cited by the plaintiff in which an automobile was turned without any signal in such a manner as to completely block the road by its changing entirely its direction of travel as the following car attempted to pass it. In this case the defendant's truck was not making a turn (such as at an intersection) which tended to block Peek's line of travel.

Applying the foregoing rules of law to the allegations of the petition, we are of the opinion that the negligence of the defendant's driver, if any, was not the proximate cause of the injuries complained of as a matter of law, and that the court did not err in sustaining the demurrer to the petition.

*Judgment affirmed. Gardner and Townsend, JJ., concur.*