33437. CLACKLER v. BARNWELL et al.

DECIDED MARCH 15, 1951.

*Jess H. Watson,* for plaintiff.

*Dunaway, Howard & Embry,* for defendant.

GARDNER, J. ■ The evidence is sufficient on behalf of the defendant to sustain the verdict.

■ The first special ground of the motion for a new trial complains that the court committed reversible error in allowing counsel for the defendant to question the plaintiff concerning insurance, by asking him if he had not assigned his claim to the Bankers' Indemnity Insurance Company, and in so doing, permitted the injection of the question of insurance, which the

plaintiff might have held and which was wholly irrelevant and immaterial and highly improper. When the question was propounded to the plaintiff, his attorney stated in effect that he felt that they were going into something that was very improper, and that the jury should be retired. The court retired the jury and a colloquy followed between the counsel for both parties and the court with reference to the question. It was ascertained in the absence of the jury that the plaintiff had not assigned his insurance policy. Thereafter, the jury returned to the jury box and the trial proceeded in the presence of the jury. The following question was presented to the plaintiff: "Have you ever assigned your claim to the Bankers' Indemnity Insurance Company?" The plaintiff answered, "No, sir." The attorney for the plaintiff made no further objection at all, and asked for no particular instructions from the court on this point. In this connection it is well to note that the defendant did not file any cross-action. We fail to see, regardless of whether or not the plaintiff objected to the question and answer, how it could have resulted in harm to the plaintiff. See, in this connection, *Chapman* v. *Independent Laundry Co.*, 38 *Ga. App.* 425(2) (144 S. E. 127) ; *Lamon* v. *Perry*, 33 *Ga. App.* 248, 250 (125 S. E. 907). When this insurance proposition was first brought into the case, the plaintiff made no proper objection, and after the jury had returned made no objection to the question and answer. See *Kuusisto* v. *Wilkins*, 56 *Ga. App.* 405 (192 S. E. 639). See also *Bailey* v. *Ogden*, 75 *Ga.* 874; *Holtzendorf* v. *McNeil*, 25 *Ga. App.* 792(2) (104 S. E. 919). The last three cases just above cited add up to the proposition of procedural law that the plaintiff in the instant case, having failed to make a legal objection when the question was first propounded, or having failed to renew the objection when it was later asked, lost his right to object. We are not unmindful of the numerous decisions of our appellate court that generally it is reversible error to inject in a case seeking damages that the defendant had insurance to satisfy such judgment as the plaintiff might obtain against him. This same ruling would apply where the defendant filed a cross-action against the plaintiff. Cases to such effect are entirely different from the question with which we are dealing here, and the many cases cited by counsel for the plaintiff are not in line

with the facts of this case. There is no merit in this contention.

■ The plaintiff complained in special ground 2 of an excerpt from the charge of the court on the doctrine of emergency, as follows: "If you find from the evidence that the plaintiff drove into the defendant's car by reason of the defendant's agent having to stop suddenly in order to keep from hitting a pedestrian, I charge you that, under those circumstances, the defendant would not be guilty of negligence under the law." In order to get a clear view of this assignment of error, we think it but proper to give the court's entire charge on the principle under consideration, as follows:

"You are instructed that in considering the question as to whether the defendant was in the exercise of ordinary diligence, you may consider the fact as to whether there was an emergency which might require quick action in order to avoid injury or loss of life to human beings. The law adopts this definition of ordinary diligence, but in instances occurring in human experience, what might be negligence under one set of circumstances, where there is no emergency, might not be negligence under another set of circumstaences, where there is an emergnecy. The defendant's agent contends that she was forced, by reason of the sudden appearance before her of a pedestrian in the crosswalk, to stop suddenly in order to avoid striking this human being, and that in this emergency immediate action was required. The jury is to pass upon the question of whether the defendant's agent, under the circumstances, was in the exercise of ordinary diligence. If the defendant's agent, in view of an emergency, and under the circumstances, acted as an ordinarily prudent person would act under the same or similar circumstances, including an emergency, then she would not be negligent in suddenly stopping; otherwise, it is a question for you to determine whether she was or not.

"That charge is given you on the defendant's theory of the case, in which she contends that her agent had to stop suddenly and that while she was stopped plaintiff drove his car into the rear of her car, causing the damage in question. That is denied by the plaintiff. The plaintiff contends that he did not drive into the defendant's automobile, but that the defendant's agent backed her car into his car. That is a question of fact for you to determine from the evidence."

Then follows the excerpt on which error is assigned. The plaintiff contends that this charge was a misstatement of the law and was harmful and prejudicial to him. It is contended in the argument by counsel for the defendant that there are no pleadings or evidence in the record to support the charge. With this contention we disagree. The defendant amended her answer setting up that the defendant's agent stopped the automobile to avoid running into or over a pedestrian who suddenly appeared in the cross-walk in front of the defendant's automobile. This is a sufficient allegation in the defendant's answer to authorize the defendant to produce evidence that she stopped as she did for the protection of human life, and also to authorize the evidence on behalf of the defendant that the plaintiff was following negligently so close behind the defendant's automobile that he could not or did not stop his automobile, and simultaneously struck with great force the defendant's automobile, and that by reason thereof the negligence of the plaintiff, and not that of the defendant, was the proximate cause of the damage to the plaintiff's car. See *Cone* v. *Davis*, 66 *Ga. App.* 229 (2, 3) (17 S. E. 2d, 849), in which the principle of emergency is fully dealt with. There was no special request for any additional or further charge on the principle of emergency. We cannot bring ourselves to the conclusion that the charge of the court, under the record of this case, was erroneous as contended in this special ground.

The court did not err in overruling the motion for a new trial for any of the reasons assigned.

*Judgment affirmed. MacIntyre, P.J., and Townsend, J., concur.*