36830. STAPLETON *v.* AMERSON.

TOWNSEND, J. 1. Mrs. Avis Amerson brought suit in the Superior Court of Wilkinson County against L. J. Stapleton for personal injuries growing out of a traffic mishap. At the con-

clusion of the evidence the defendant made a motion for a directed verdict which was denied. The jury returned a verdict for the plaintiff. Subsequently the defendant made a motion for a judgment notwithstanding the verdict, and the denial of this motion is assigned as error.

2. (a) "In order to recover for an injury alleged to have resulted from the negligence of another, the injury must be the natural and probable consequence of the negligence. If damages are only the imaginary or possible result of the tortious act, they are too remote to be the basis of recovery against the wrongdoer." *Maddox Coffee Co.* v. *Collins,* 46 *Ga. App.* 220 (1) (167 S. E. 306).

(b) "A defendant may be held liable for an injury where he commits a wrongful act which puts other forces in operation, resulting in the injury, which other forces are the natural and probable consequences of the act of the original wrongdoer, and which reasonably should have been foreseen by him as such consequences." *Louisville & Nashville R. Co.* v. *Ellis,* 54 *Ga. App.* 783 (2) (189 S. E. 559).

(c) "Where a wrongful act puts other forces in operation, resulting in injury to another, which the jury might be authorized to say were the direct, natural and probable consequences of the original act of negligence, the wrongdoer can be held liable on the theory of his responsibility for the first efficient cause. Where, however, . . . the resultant injuries could not reasonably be foreseen as the natural, reasonable, and probable consequences of the original wrongful act, there can be no recovery." *Hardwick* v. *Figgers,* 26 *Ga. App.* 494 (1), (106 S. E. 738).

(d) "In order to hold the defendant liable, it must be shown 'either that the act complained of was the sole occasion of the injury, or that it put in operation other causal forces, such as were the direct, natural, and probable consequences of the original act, or that the intervening agency could have reasonably been anticipated or foreseen by the (defendant as the) original wrongdoer.' (*Gillespie* v. *Andrews,* 27 *Ga. App.* 509, 108 S. E. 906)." *Georgia Power Co.* v. *Kinard,* 47 *Ga. App.* 483, 486 (170 S. E. 688).

3. (a) "Where certain conduct is alleged to be negligent, it is a jury question whether such conduct constitutes negligence if reasonable minds might differ upon the question. If the sole conclusion to be reached is that such acts do not amount

to negligence, the court must so hold as a matter of law." *Georgia Power Co.* v. *Blum,* 80 *Ga. App.* 618. (2a) (57 S. E. 2d 18).

(b) "Where reasonable minds might disagree as to whether the alleged negligence of the plaintiff is of a character to preclude her recovery and to stand itself as the proximate cause of her injuries, this is a matter for the jury to determine." *Lassiter* v. *Poss,* 85 *Ga. App.* 785 (1b) (70 S. E. 2d 411).

4. (a) "Where one is confronted with a sudden emergency, without sufficient time to determine accurately and with certainty the best thing to be done, he is not held to the same accuracy of judgment as would be required of him if he had more time for deliberation." *Savannah Electric & Power Co.* v. *Russo,* 71 *Ga. App.* 397, 401 (31 S. E. 2d 87).

(b) "When one is confronted with a sudden peril or emergency, not created by any fault of his own, the requirement of such a one is ordinary diligence under all the facts and circumstances surrounding the situation. This is a jury question. What might be negligence under one set of circumstances, where there is no such peril or emergency, might not be negligence under another set of circumstances where there is a sudden peril or emergency." *Clackler* v. *Barnwell,* 83 *Ga. App.* 515 (3) (64 S. E. 2d 384).

5. (a) "After the verdict, the testimony is construed in its most favorable light to the prevailing party . . . for every presumption and inference is in favor of the verdict." *Wren* v. *State,* 57 *Ga. App.* 641, 644 (196 S. E. 146).

(b) "The question as to whether the defendant is legally liable is a close one. However, it is the duty of a court, upon review, to resolve any doubt as to the effect of the testimony upon issues of fact by giving superior weight to that view of the evidence which must have been adopted by the jury in reaching the conclusion embodied in their verdict. Questions as to the existence of negligence or the exercise of diligence are issues of fact peculiarly for the jury; and we are therefore constrained to the opinion that the jury were authorized to find that the defendant was negligent, and that the plaintiff could not, by the exercise of ordinary care, have anticipated and avoided the consequences of this negligence. This being true, the court did not err in overruling the motion for a new trial." *Georgia Ry. & Power Co.* v. *Flury,* 17 *Ga. App.* 216 (86 S. E. 403).

474

6. Accordingly, applying the foregoing rules of law to the facts of this case, it appears that the trial court did not err in denying the motion for a judgment notwithstanding the verdict.

This action is based primarily on the negligence of the defendant as alleged in the petition, which consisted in his having looked to his left, away from the roadway on which his car was being pushed by the plaintiff's car; in his having removed his left hand from his steering wheel; in his having waved to and spoken to a friend standing on the left side of the highway; and in thus guiding his car so as to cause the plaintiff's car to take her over an embankment, and injure her. The evidence, construed in its light most favorable to the verdict, authorized findings of fact as follows: That because the defendant's car would not start, he requested the plaintiff to push his car along a public highway in Wilkinson County in order to start it, which she was doing at the time of her injuries as an accommodation to the defendant and without compensation; that in accordance with his request she pushed the automobile at a speed of 25 miles per hour; that at the direction of the defendant the front bumper of her car was placed against the rear bumper of the defendant's car with the bumper guards of her automobile to the right of the bumper guards of the defendant's automobile which caused her car as they traversed along the highway to be nearer than his car to the right side of the highway; that this arrangement would also cause her car to turn to the right if his car turned to the right; that as they moved along the highway in this manner two of her small children were in the car with the defendant which caused her some apprehension as to their safety; that when they reached a point on the highway which was down grade, in a curve, and on a fill some 20 to 25 feet in height, the defendant negligently took his eyes off the road ahead, looked to his left, took his left hand off the steering wheel and waved and spoke to a friend standing on the opposite side of the highway; that while he was doing this the right side of his automobile veered off the pavement and onto the adjacent shoulder of the highway some 5 or 6 feet from the embankment on the right; that this caused the plaintiff's automobile also to veer to the right and nearer to the embankment than the defendant's car; that this caused the plaintiff to fear for the safety of her two children in the front automobile and for her own safety, believing that the front

car was going off the embankment and that her car too would be taken off with it; that she responded by attempting to steer her car to the left away from what appeared to be imminent danger and toward the center of the paved road; that the defendant, discovering his plight, suddenly steered his car to the left back onto the road; that this caused the right ends of the bumpers to disengage and put greater pressure on the left ends; that the left rear bumper guard of the defendant's car became displaced, thus causing the plaintiff to lose control of her car, and causing it to go over the high embankment on her left, resulting in her injuries. Obviously the plaintiff could have avoided the consequences of the defendant's negligence when he first veered to the right by putting on her brakes, stopping her car, and pushing him no farther. However, the nearness to the embankment on the right, the presence of her two small children in the car with the defendant, the speed of the cars, the curve and downgrade of the road, the natural hazard of pushing a car on a public highway of this character, and the lack of sufficient time to think clearly, authorized the jury to find that the negligence of the defendant had confronted the plaintiff with a sudden emergency, thus relieving her of the obligation to accurately determine the best thing for her to have done. The jury was also authorized to find from all the facts and circumstances that this negligence of the defendant was the proximate cause of plaintiff's injuries, and that the defendant might well have foreseen its consequences.

Counsel for the defendant rely on *Mayor &c. of Macon* v. *Dykes,* 103 *Ga.* 847 (31 S. E. 443); *Vinson* v. *Augusta Roofing & Metal Works,* 79 *Ga. App.* 434 (54 S. E. 2d 274); *Central of Ga. Ry. Co.* v. *Roberts,* 213 *Ga.* 135 (97 S. E. 2d 149); *Southern Transportation Co.* v. *Harper,* 118 *Ga.* 672 (45 S. E. 458), and many other cases. In the first of these cases it was held as a matter of law that the negligent maintenance of the rails of a street railroad was not such as to cause the wrongdoer to foresee the consequences which was the fright and running away of a horse because of the noise of the wheels of the car drawn by it scraping against the rails. The second of these cases involves the negligence of a third person as an independent intervening cause. The third of these cases involves the negligence of the plaintiff and the absence of an emergency created by the negligence of the defendant. The

fourth of these cases deals with unforeseeable consequences of the negligence of the defendant as a matter of law. None of these cases, nor the many cases cited by counsel of the defendant, require a conclusion different from that here reached. *Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED SEPTEMBER 25, 1957—REHEARING DENIED OCTOBER 7, 1957.

*Alexander S. Boone, Jr., Martin, Snow & Grant,* for plaintiff in error.

*Victor Davidson, John B. Harris, Jr.,* contra.