### 37889. WILSON v. ROGERS et al.

GARDNER, Presiding Judge. 1. Counsel for the plaintiff, Mrs. James L. Wilson, has assigned error because the trial court denied the motion for a new trial on the part of the plaintiff, contending that the respective motions for new trials of Mrs. Farris Rogers and Mrs. James L. Wilson should have been consolidated. Counsel cites Code (Ann.) § 70-313 in support of the plaintiff's contention. That Code section is not applicable here, as it relates only to instances in which the verdict is against two or more defendants or against two or more plaintiffs, but not to cases where the verdict is in favor of one defendant and against the other defendant. In the trial in the instant case there were one plaintiff and two defendants. The action was joint and several, not a joint action. The verdict was in favor of the plaintiff against one defend-

ant and in favor of the other defendant against the plaintiff, reflecting that the interests of the complaining parties on these two writs of error are antagonistic. It follows that the trial court did not err in failing to 'consolidate the two cases on timely written motion.

We have studied the evidence carefully and do not find sufficient evidence to demand a verdict against T. V. Benson. Benson testified that he was pushing an automobile with his truck on the shoulder of the road. Accordingly, the jury was authorized, believing him, to find that the other defendant overtaking him could have done so while remaining on the pavement on her side of the road; that his presence on the shoulder of the road in no way required the other defendant to veer across the center line and into the path of the oncoming car in which the plaintiff was riding. In *Stapleton* v. *Amerson,* 96 *Ga. App.* 471, 473 (5a, b) (100 S. E. 2d 628) this court said: " 'After the verdict, the testimony is construed in its most favorable light to the prevailing party . . . for every presumption and inference is in favor of the verdict.' *Wren* v. *State,* 57 *Ga. App.* 641, 644 (196 S. E. 146). 'The question as to whether the defendant is legally liable is a close one. However, it is the duty of a court, upon review, to resolve any doubt as to the effect of the testimony upon issues of fact by giving superior weight to that view of the evidence which must have been adopted by the jury in reaching the conclusion embodied in their verdict. Questions as to the existence of negligence or the exercise of diligence are issues of fact peculiarly for the jury; and we are therefore constrained to the opinion that the jury were authorized to find that the defendant was negligent, and that the plaintiff could not, by the exercise of ordinary care, have anticipated and avoided the consequences of this negligence. This being true, the court did not err in overruling the motion for a new trial.' *Georgia Ry. & Power Co.* v. *Flury,* 17 *Ga. App.* 216 (86 S. E. 403) ."

The trial court did not err in denying the motion for new trial as to the general grounds concerning the defendant Benson. It was not reversible error for the court to refuse to consolidate the motions for new trial.

It must be noted that in *Rogers* v. *Wilson,* ante, this court reversed the trial court on a special ground. It follows that that case will either be tried again or settled out of court, and we are not here deciding anything pertaining to the defendant

Rogers except as to the court not committing reversible error in regard to the consolidation of the motions for new trials.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*

DECIDED OCTOBER 2, 1959.

*Randall Evans, Jr.,* for plaintiff in error.

*Robert E. Knox, T. Reuben Burnside, John F. Hardin,* contra.