22302. KESLER, Administrator v. KESLER.

CANDLER, Justice. On July 2, 1956, G. M. Kesler executed and delivered to E. M. Kesler, his son, a warranty deed to certain realty in Banks County. The deed recited a consideration of $2,300. At the same time and as consideration to be paid for the realty purchased, E. M. Kesler gave his father a promissory note for $2,300 payable in five annual installments of $460 each, without interest, no part of which has been paid. He also reconveyed to his father the same realty to secure the payment of his note. G. M. Kesler died on February 22, 1959, and Guy Kesler, his son, was appointed administrator of his estate and subsequently brought a suit against E. M. Kesler to set aside and cancel the warranty deed which G. M. Kesler gave him on the ground that the grantor did not have sufficient mental capacity to contract when the deed was executed. He also prayed that the note and security deed which the defendant gave G. M. Kesler be declared void and canceled. On the trial and after the parties had introduced their evidence, the court directed a verdict in favor of the defendant and the plaintiff excepted on the ground that the evidence made an issue of fact which should have been submitted to the jury for determination. *Held:*

1. A trial judge can direct a verdict only "Where there is no conflict in the evidence, and that introduced, with all reasonable deductions or inferences therefrom, shall demand a particular verdict." *Code Ann.* § 110-104. "It is error to direct a verdict, except where there is no conflict in the evidence introduced as to the material facts, and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict." *Norris v. Coffee,* 206 Ga. 759 (4) (58 SE2d 812). A judge cannot direct a verdict because he thinks the strength or weight of the evidence is on one side, or because he might grant a new trial if a verdict should be returned which he thinks is contrary to a preponderance of the evidence. *Blackburn v. Lee,* 137 Ga. 265 (73 SE 1). In *Taylor v. Chattooga County,* 180 Ga. 90 (2) (178 SE 298), the court said: "No principle is more firmly established in American jurisprudence than that the court cannot direct a verdict where there is any reasonable inference supported by evidence which would authorize a verdict to the contrary."

2. While the issue of contractual capacity, as here raised, must be determined by the condition of the grantor's mind at the time the deed was executed, *Dicken v. Johnson*, 7 Ga. 484 (2), *Thomas v. Lockwood*, 198 Ga. 437 (31 SE2d 791), yet, in determining that issue, it is permissible to receive and consider evidence as to the state of the grantor's mind for a reasonable period of time both before and after execution of the deed and from such evidence the jury may find that the grantor at such time did not have contractual capacity despite evidence given by witnesses who were present when the deed was executed and testified that the grantor did at that time have such capacity. *Terry v. Buffington*, 11 Ga. 337 (2) (56 AD 423); *Ellis v. Britt*, 181 Ga. 442 (1) (182 SE 596); *Thomas v. Lockwood*, supra; *Pantone v. Pantone*, 206 Ga. 305, 311 (57 SE2d 77); and *Summer v. Boyd*, 208 Ga. 207, 211 (66 SE2d 51). See also, in this connection, *Northwestern University v. Crisp*, 211 Ga. 636 (88 SE2d 26).

3. On the trial of the instant case, Mrs. Sudie Lee Blalock, a witness for the plaintiff, testified: She was a daughter of G. M. Kesler who died on February 22, 1959. He was 77 years old at the time of his death. He had lived with her for 14 years immediately prior to his death, except for a period of approximately six weeks in 1956 while he was at the home of her brother E. M. Kesler. He had an operation in 1952 and his mind began to fail him soon thereafter. From 1955 until his death in 1959 he did not know his children. He did not know her husband or her children, although he lived in the house with them. He did not know people he had known for years. He thought she was his sister. When he would try to dress himself, he would put his clothes on backwards and her husband had to dress him just as if he were a baby. He did not know one kind of food from another and she had to feed him. He would frequently vomit in his plate and unless she removed his plate immediately, he would eat his vomit and would not know what he had done. He did not know how to use the bathroom and "just wherever he was at that time was where he'd use the bathroom." He had to be watched at all times because he would leave the house and get lost on their farm. Several other children of the deceased testified to substantially the same facts and one daughter testified that while visiting at her home, he would

come into the room where the family was while nude. Ralph Blalock, a witness for the plaintiff, testified that the fair market value of the farm involved was $11,925 in 1956, and this evidence was not controverted. Dr. Paul T. Scoggins, a witness for the defendant, testified: He and Claude Jackson, a notary public of Jackson County who resides at Commerce, Georgia, were the attesting witnesses to G. M. Kesler's deed; that he knew the grantor who resided in an adjoining county; and that the grantor's mind was absolutely clear when he executed the deed to E. M. Kesler on July 2, 1956. However, Dr. Scoggins, on cross examination testified that he would not say a person was of sound mind who did not recognize his own children, did not know their names, could not dress himself without putting his clothes on backwards, and who, when he would vomit at the table, would eat his own vomit. Claude Jackson, the other attesting witness did not testify. Applying the evidence introduced by the parties to the above announced applicable rules of law, we hold that it did not demand a verdict for the defendant and that the court for that reason erred in directing a verdict in his favor.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 13, 1964—DECIDED JANUARY 22, 1964.

*O. J. Tolnas, James Horace Wood,* for plaintiff in error.
*Eugene A. Epting,* contra.