42447. ROCHESTER CAPITAL LEASING CORPORATION v. LUKE et al.

Jordan, Judge. Rochester Capital Leasing Corporation by an amended petition in the Civil Court of Fulton County sought to recover from R. X. Dupont, Inc., B. D. Luke, and Robert

G. Drane the amount due under two contracts for the lease of equipment to the defendant corporation, for an off-set press and a typewriter, liability of the individual defendants allegedly arising under a "guaranty" agreement. The defensive pleadings of the individuals raised issues, as to the "guaranty" agreement, of non est factum, fraud in the procurement, and failure of consideration. The case proceeded to trial before a jury, and the jury found for the plaintiff solely against the corporate defendant for $5,268.48, and judgment was rendered accordingly. The plaintiff appeals, assigning error on the trial court's refusal to direct a verdict against the individuals, his refusal to enter judgment n.o.v., and his refusal to grant a new trial on the general grounds. *Held:*

In the posture of the case as presented on appeal no error is shown unless the evidence of the liability of the individual defendants demanded a determination in favor of the plaintiff. If this does not appear the jury was authorized to determine the issues, and the trial judge properly refused to direct a verdict, render judgment n.o.v., or grant a new trial. *Kesler v. Kesler*, 219 Ga. 592 (1) (134 SE2d 811); *Smith v. Merck*, 206 Ga. 361, 375 (57 SE2d 326). The plaintiff's case for liability against the individual defendants rests on the efficacy of the unwitnessed and undated so-called "guaranty" purportedly signed by the individual defendants, which if valid and legally binding by its express terms was "a guaranty of payment and not of collection" for the rentals under "the law of the State of New York." The fact of its execution, the date, and the circumstances are not clear from the evidence. The evidence for the plaintiff shows that the plaintiff received the instrument with an initial lease in January 1963, before the plaintiff accepted the first lease in March 1963, effective as of February 1, 1963, and that the plaintiff accepted the lease from R. X. Dupont, Inc., a new corporation without established credit, because of the "guaranty" of the individuals. The defendant Luke admitted that his purported signature on the "guaranty" looked like his signature, but he denied signing any papers except for the corporation, once in January on the initial lease, and twice in March, on documents which he understood to be the original and a copy of a corrected lease, although he did not read the documents carefully, particularly what appeared to be the copy. He signed only three documents.

The defendant Drane testified that his purported signature on the "guaranty" appeared to be his signature, but that the only thing he signed in January was the lease for the corporation, and that in March he received a letter from plaintiff showing the "lease had been signed wrong," and he signed what he thought was a corrected lease. The letter from the plaintiff to Drane is dated March 20, 1963, and indicates the plaintiff enclosed two copies of a corrected lease for signature and that the plaintiff would return the original lease upon receipt of both copies. It bears the notation "signed and returned 3-21-63 CD." Both individual defendants denied knowledge of signing any document purporting to be a personal "guaranty."

Only when there is a complete absence of probative facts to support the conclusion reached by the jury does reversible error appear. The conflicting evidence set forth above provided an evidentiary basis for the jury's verdict and therefore a verdict for the plaintiff was not demanded. The trial court did not err for any reason assigned.

*Judgment affirmed. Bell, P. J., and Pannell, J., concur.*

ARGUED JANUARY 5, 1967—DECIDED FEBRUARY 9, 1967— REHEARING DENIED MARCH 2, 1967—

*Lipshutz, Macey, Zusmann & Sikes, John M. Sikes, Jr.,* for appellant.

*Grant, Spears & Duckworth, William H. Duckworth, Jr., Huie, Etheridge & Harland, Harry L. Cashin, Jr.,* for appellees.