## 44801. HEATON v. SMITH.

WHITMAN, Judge. Plaintiff below brought an action for damages for the alleged wrongful death of her husband. Decedent was killed in an automobile accident when the car he was driving was struck in the side by defendant's, appellant's, car. The collision occurred at night on Highway No. 117, some distance outside the city limits of Lumber City, Ga.

At the trial the evidence put forth by the plaintiff was that decedent was making a lawful left-turn maneuver off of the highway, when the defendant coming from behind collided with decedent as he was negotiating his turn. The evidence was that the defendant began braking his automobile while on the right-hand side of the highway; that it followed a path starting from the right-hand lane, across the center

line, and went on into the left-hand lane where the impact occurred; that the front of defendant's car hit the left side of decedent's car. A witness who was riding in decedent's car testified that he caught a glimpse of defendant's car (he saw its headlights) just before the impact; and that in his opinion, based on having driven automobiles and having observed others being driven, the defendant was traveling 75 to 80 miles per hour.

The defendant's evidence was that he was traveling at a speed of about 55 miles per hour; that he observed the decedent's car and it appeared to be parked on the right-hand side of the road; that he (defendant) blinked his lights and, as he approached the decedent's car and began to overtake it, it suddenly attempted a left turn or a "U" turn in the highway without giving any signal; and that he was unable to stop and avoid collision. Defendant contended that decedent's death was due solely to his own negligence.

The jury found for the plaintiff and the defendant appealed from the judgment on the verdict. *Held:*

1. In instructing the jury on the law as to speed, the trial court charged *Code Ann.* § 68-1626 (a) which provides in substance that a vehicle shall not be driven at a speed greater than is reasonable and prudent under the conditions and hazards, actual or potential, then existing. The trial court also charged *Code Ann.* § 68-1626 (b) (1, 2), which provides that where there exist no conditions or hazards which require a lower speed, the maximum lawful speed is 50 miles per hour between one-half hour after sunset and one-half hour before sunrise, but that in any business or residence district the maximum lawful limit is 35 milies per hour.

In hearing objections on requests to charge, the defendant objected to plaintiff's request to charge regarding the 35-mile per hour speed limit in residential areas on the ground that there was no proof that the area was a residential area; that it was outside the city limits of Lumber City.

After such charge was given, the defendant excepted. The court called the jury back and recharged the jury on the subject, instructing them that it was a jury question as to whether the area were the accident took place was a residential district so as to render the 35-mile per hour limit applicable; that the physical characteristics regarding the area where the accident took place could be considered.

The defendant excepted to the recharge which permitted the jury to determine whether the area was residential and whether the 35-mile per hour limit was applicable.

The charge was erroneous and was adequately excepted to. A residential area is defined by statute. It is "[t]he territory contiguous to and including a highway not comprising a business district when the property on such highway for a distance of 300 feet or more is in the main improved with residence or residences and buildings in use for business: Provided, however, that when such territory is located outside the incorporated limits of a city or town, it is designated and marked as such by the Director of Public Safety." *Code Ann.* § 68-1504 (5) (b).

It is not error to give the jury the statutory definition of a "business district" embodied in *Code Ann.* § 68-1504 (5) (a), and then submit to them the question of whether the area where the collision occurred was or was not within a "business district" as defined. *Crosby Aeromarine, Inc. v. Hyde,* 115 Ga. App. 836 (3) (156 SE2d 106). In the present case the determination of whether the area was a "residence district" (and hence whether a lower speed limit was applicable for that reason) was left to the whole discretion of the jury without the benefit of the applicable statutory guidance. Furthermore, the evidence was undisputed that the collision occurred outside the city limits of Lumber City, meaning that the jury could not have found it to be a residential area subject to a 35-mile per hour speed limit restriction, unless there was some evidence that the area had been so designated and marked by the Director of Public Safety. There was no such evidence. With the jury having been charged that they might find the defendant to have been negligent, among other reasons, for exceeding the speed limit in a residential area and that such might be found to have been the direct and proximate cause of the decedent's death, we can not say that the erroneous charge was harmless. A new trial is required.

2. The defendant strongly contends that it was error to deny his motion for a directed verdict. A directed verdict may be granted "If there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . ." *Code Ann.* § 81A-150 (a) (Ga. L. 1966, pp. 609,

656, as amended). We have reviewed all of the evidence in the case. Merely having the strength or the weight of the evidence in one's favor is not sufficient cause for taking the case from the jury by directing a verdict. *Kesler v. Kesler*, 219 Ga. 592 (1) (134 SE2d 811). A verdict must be demanded. The trial court did not err in denying the motion in this case.

3. The trial court did not err in refusing to withdraw from the consideration of the jury the allegations contained in one of the paragraphs of the complaint charging the defendant with operating a motor vehicle under the influence of intoxicating liquors. Several witnesses testified that shortly before the accident the defendant had been to a barbecue supper where several kinds of beverages were served, including alcohol. The defendant admitted his presence there but denied consuming any alcohol. One witness named Bowen testified that he saw the defendant drinking from a cup, that he did not know what was in the cup, but that "You could tell the way he talked that he had had a drink . . . he would be in most any other manner that anybody else would that had taken a drink . . . his talking would be a little slower . . . you could just tell that William had had a drink." The weight to be given this testimony in determining whether the defendant was driving under the influence of intoxicating liquors was for the jury to decide. The testimony amounts to some evidence in support of the allegations. *Sammons v. Webb*, 86 Ga. App. 382 (8) (71 SE2d 832).

4. The remainder of the enumerations of error relate to charges of the court to which exceptions were taken. We find no merit in the enumerations.

The judgment is reversed for the reason set forth in Division 1.

*Judgment reversed. Jordan, P. J., Hall, P. J., Eberhardt, Pannell and Quillian, JJ., concur. Bell, C. J., Deen and Evans, JJ., dissent.*

ARGUED OCTOBER 7, 1969—DECIDED MARCH 9, 1970.

*Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Billy W. Walker, Smith & Harrington, Will Ed Smith,* for appellee.

EVANS, Judge, dissenting. I dissent from the ruling in Division 1 of the opinion and the judgment of reversal. Division 1 holds that the trial court erred in charging the maximum lawful speed in a residential district is 35 miles per hour. In my opinion, this is completely immaterial, and, if error, was harmless to the defendant.

The collision occurred on November 30, 1967, at about 8:55 p.m., and by the defendant's own testimony he was running "about 55 miles an hour, I guess." *Code Ann.* § 68-1626 (Ga. L. 1953, Nov. Sess., pp. 556, 577; 1959, p. 303; 1961, pp. 438, 439; 1963, p. 26; 1964, pp. 294, 295; 1965, p. 322; 1968, pp. 987, 1158, 1427, 1428, 1429) provides the maximum lawful speed is 50 miles per hour between one-half hour after sunset and one-half hour before sunrise; consequently, he was violating the speed statute by his own testimony. His testimony will be construed most strongly against him. *Southern R. Co. v. Hobbs,* 121 Ga. 428 (1) (49 SE 294). However, witnesses for the plaintiff established his speed at between 75 and 80 miles per hour, and the jury may well have decided this to be the actual speed he was traveling, because, after a verdict, the evidence is construed in its most favorable light to the prevailing party, and every presumption and inference is in favor of the verdict. *Wren v. State,* 57 Ga. App. 641, 644 (191 SE 146); *Southern R. Co. v. Brock,* 132 Ga. 858, 862 (64 SE 1083); *Stapleton v. Amerson,* 96 Ga. App. 471 (5) (100 SE2d 628); *Young Men's Christian Assn. v. Bailey,* 112 Ga. App. 684, 690 (146 SE2d 324).

An inapplicable charge as to negligence is not reversible error unless some hurt is occasioned to the complaining party by such charge. *Bibb Mfg. Co. v. Snow,* 26 Ga. App. 504 (4) (106 SE 612). Further, it has been held that it is not reversible error to charge an entire Code provision simply because some parts of the statute may not be applicable. *Thompson v. Mitchell,* 192 Ga. 750 (2) (16 SE2d 540); *Yarbrough v. Yarbrough,* 202 Ga. 391 (4) (43 SE2d 329). The 35-mile per hour law is a part of *Code Ann.* § 68-1626, and it can not be contended that all of this statute was inapplicable.

Finally, the trial judge, after objections had been made to

his charge, with reference to the 35-mile per hour speed limit being error, specifically instructed the jury: "Now, you have in evidence here certain physical characteristics regarding the area where this accident took place. Whether or not the thirty-five mile per hour limit should apply is a matter for the jury to determine. I do not charge you that this is a residence district. Whether the thirty-five mile rule or a forty-five mile rule would be in compliance with law or whether a fifteen-mile per hour rule might apply is a matter entirely for the jury to determine. I do not mean to give you any undue emphasis of this rule or infer that I have any opinion about it." This was a correct charge under that language at the first of *Code Ann.* § 68-1626, as follows: "No person shall drive a vehicle on a street or highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on . . . the highway. . ." which language he had earlier charged the jury; and left it entirely to the jury to determine at what speed defendant could have operated in safety, even as low as 15 miles per hour. Defendant, strangely enough, did not complain of the 15-mile per hour law given in charge, so how could he possibly have been injured by the 35-mile per hour charge? It is readily apparent that in his recharge, the court in effect eliminated the 35-mile per hour law, and went back to the "reasonable and prudent speed" as the jury might determine under all of the facts, evidence and circumstances of the case.

But conceding for the sake of argument that the charge as to 35 miles per hour being the lawful speed limit in a residential district was error, I do not think it could have injured the defendant in this instance. By his own admission he was committing negligence per se in running faster than 50 miles per hour at night, and the 35-mile per hour law would have added nothing to the presumption of negligence against him. He was violating the speed limit under any circumstance. There was also evidence from which the jury could have found him to be

driving while under the influence of intoxicating beverages in addition to violating the speed law.

I do not believe a new trial should be granted unless harmful error is shown, which I do not conceive to be the case here.

I am authorized to state that Chief Judge Bell and Judge Deen concur in this dissent.