## 47718. J. C. LEWIS MOTOR COMPANY v. SIMMONS et al.

DEEN, Judge. Simmons sued Lewis Motor Co. and Ford Motor Co. for damages received when a 1967 Ford diesel tractor manufactured by Ford and sold by its dealer Lewis Motors was wrecked and he sustained injuries. The wreck was occasioned by a collision when the steering wheel came off the drive shaft. The vehicle had been received new by Lewis Motors from Ford in December, 1966 and sold to Simmons' employer September 25, 1968, after having been used as a demonstrator and driven approximately 1,100 miles. The wreck occurred the next day, at a time when the new owner had driven it less than 200 miles. The jury returned a verdict against both defendants. Lewis Motor Company appeals the denial of its motion for judgment notwithstanding the verdict. *Held:*

1. Our only question for decision is whether there is any evidence in the record which would authorize a finding of negligence on the part of Lewis Motor Company in failing to properly inspect and discover the defect before sale. It is uncontested that the injuries were caused by the steering wheel which was defective in that it separated from the drive shaft because of a missing or improperly adjusted nut supposed to hold it in place or because the nut worked loose; that the vehicle had been inspected more than once by Lewis Motors and that it was examined and an inspection sticker attached on the day of the sale. There is no need to detail all the evidence here. Lewis Motors relies on the testimony of its employees that the tractor was functioning properly when sold and that their inspection was adequate. No employee tested the steering wheel by attempting to raise it from the drive shaft. One testified that he tried to rock it from side to side and found no play. An expert for the codefendant Ford Motor Company stated that if this was done it would indicate the nut was in place at the time and, if so, there was no way it could have come off within 200 miles. That the nut did come off, and that this was the cause of the wreck is not seriously disputed. The jury, in evaluating the testimony of witnesses, may consider their personal interest and bias, and they might have inferred from the testimony of Cheek and others that a proper inspection would have disclosed the defect at the time of sale. The jury obviously found Ford negligent in releasing the defective vehicle into the stream of commerce (a verdict to which it apparently accedes) and the dealer, who used it for demonstration purposes and inspected it before selling it to plaintiff's employer, negligent in failing to discover the loose nut. There is some evidence to support this conclusion. In such case the negligence of the defendants is concurrent. "The failure of a third person to act to

prevent harm to another threatened by the actor's negligent conduct is not a superseding cause of such harm. . . . If the third person is under a duty to the other to take such action, his failure to do so will subject him to liability for his own negligence, which is concurrent with that of the actor, for the resulting harm which he has failed to prevent." Restatement, Torts 2d, § 452 (1). The cases cited by the appellant are distinguished in *Glynn Plymouth, Inc. v. Davis,* 120 Ga. App. 475 (2a) (170 SE2d 848): "Under the Motor Vehicle Inspection Law and the evidence in this case, the automobile vendor could be held liable for failure to inspect the automobile, discover and repair a manufacturing defect." In the case under consideration the attack was two pronged — Lewis Motor Co. might be liable for failing to discover and remedy a defect in manufacture by Ford, or for failure to discover a defect occurring during the two years it owned and used it. The *Davis* case was affirmed, 226 Ga. 221 (173 SE2d 691) on a finding that there was sufficient res gestae evidence to support the verdict which is true here also.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*
ARGUED JANUARY 2, 1973 — DECIDED JANUARY 19, 1973 — REHEARING DENIED FEBRUARY 6, 1973 —

*Brannen & Clark, Perry Brannen, Jr.,* for appellant.
*Miller, Beckmann & Simpson, Martin Kent, Bouhan, Williams & Levy, Walter C. Hartridge,* for appellees.