## 47857. CRAVEY v. J. S. GAINER PULPWOOD COMPANY, INC.

STOLZ, Judge. Mrs. Cravey sued the defendant company for damages for personal injuries alleged to have been caused by the negligence of the defendant's employee in driving a loaded pulpwood truck into the rear of the plaintiff's husband's automobile, in which the plaintiff was a passenger. There was evidence that the plaintiff

and her husband had stopped their automobile for a minute or a minute and a half behind a house trailer, which was waiting for oncoming traffic to clear in order to cross over a one-lane bridge. The defendant's loaded pulpwood truck approached the waiting vehicles from the rear, traversed the downhill, two-lane, public highway in fair weather and daylight with the stopped vehicles in plain view for 300 to 350 feet, and struck the right rear of the automobile, causing damage thereto in the amount of approximately $185. The plaintiff's husband had tried to avoid the collision by moving his vehicle forward for about 20 feet prior to the collision. The truck driver applied his air brakes, which the plaintiff's husband heard, but he was unable to stop the truck in time, and told the plaintiff's husband that "he was sorry and had done everything he could to stop it, but he said *he'd been wondering about the brakes, the brakes weren't sufficient to hold him.*" The defendant's driver was not called as a witness. After the collision, the plaintiff complained immediately that her neck, and later her back, hurt; she was treated by several doctors for neck and back pains; and had been unable to continue to work regularly at her employment, as she had been able to do previously, although she was still undergoing chiropractic treatment for a back injury sustained some 10-15 years previously.

The plaintiff appeals from the grant of the defendant's motion for a directed verdict. *Held:*

1. The facts, that the defendant owned the truck involved in the collision, that the employee was driving the truck loaded with pulpwood at the time, and that this was the employee's regularly assigned duty, were sufficient to raise a rebuttable presumption that the employee was operating the defendant's truck within the scope of his employment. *Ayers v. Barney A. Smith Motors,* 112 Ga. App. 581 (145 SE2d 753). This

presumption is further supported by the fact, as shown by the evidence, that the defendant acknowledged liability for the collision by indemnifying the plaintiff's husband for the damage to his automobile. The defendant did not, as a matter of law, overcome the presumption, raised by circumstantial evidence, by introducing "clear, positive, and uncontradicted evidence" to the contrary. *Ayers,* supra, p. 582 and cit.

The defendant had a duty to exercise ordinary care in the maintainance of its truck in a safe condition and in driving it upon the public roads. The defendant's employee/truck driver made a statement to the plaintiff's husband, which is not controverted, which indicates that he had had notice that the brakes on the truck were not operating properly,[1] which notice is imputable to his employer, the defendant. The evidence having shown that the plaintiff was completely free of negligence, either direct or imputable, and the defendant's evidence having revealed no legal reason or excuse for its failure to fulfill its duty to exercise ordinary care to avoid the collision (whether by maintaining the brakes in a safe condition, or by its driver's regulating his speed, turning aside, or taking some other defensive action), the defendant was not entitled to a directed verdict as to liability, and the trial judge erred in granting its motion for a directed verdict. See *Rosenfeld v. Young,* 117 Ga. App. 35, 36 (159 SE2d 447) and cit.

2. The trial judge did not err in overruling the plaintiff's motion for a directed verdict as to the issue of liability. Cases such as the present one, in which the credibility of witnesses is involved as to a material issue, should

---

[1] See Code Ann. § 68-1715 (Ga. L. 1953, Nov. Sess. pp. 556, 611; 1965, pp. 406, 407; 1970, pp. 438, 439; 1971, p. 515).

be resolved by juries. *Capital Automobile Co. v. GMAC,* 119 Ga. App. 186, 192 (166 SE2d 584). "Merely having the strength or the weight of the evidence in one's favor is not sufficient cause for taking the case from the jury by directing a verdict. *Kesler v.Kesler,* 219 Ga. 592 (1) (134 SE2d 811). A verdict must be demanded." *Heaton v. Smith,* 121 Ga. App. 348 (2) (174 SE2d 197). While the evidence authorized, it did not demand, a finding for the plaintiff on the issue of liability.

3. As for the issue of damages, in addition to specific amounts of medical expenses incurred, there was evidence as to the plaintiff's hourly wage and the length of time she had been unable to work after the collision in question, from which a jury could make an award. The extent to which her existing injuries, if any, are the result of her pre-existing injury, i.e., whether the later collision aggravated the pre-existing injury, is a jury question to be resolved upon the next trial of the case.

4. The trial judge did not abuse his discretion in allowing in evidence, over objection, a letter from the plaintiff's husband to the defendant's president, written two weeks after the collision, in which he referred to his property damage claim against the defendant, but made no reference to the contended personal injuries of his wife, the plaintiff. Although the letter would not necessarily disprove the existence of the plaintiff's contended injuries, and hence the validity of her claim, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784) and cit.

The judgment of the trial court granting the defendant's motion for a directed verdict, is reversed and the case is remanded for a new trial in accordance with this opinion.

*Judgment reversed. Eberhardt, P. J., and Pannell, J., concur.*

ARGUED FEBRUARY 13, 1973 — DECIDED
MARCH 12, 1973.

*Fred A. Gilbert,* for appellant.
*Jerry O. Capes, P. Russell Tarver, George N. Skene,* for appellee.