58855. KELLY et al. v. FLOOR BAZAAR, INC.

BIRDSONG, Judge.
Suit on account. Mr. and Mrs. Kelly entered into an oral contract to have the Floor Bazaar, Inc. install a vinyl floor covering in their home. After the parquet-style squares were installed, it was noted that because the cement floor underlying was not flat, the lines did not match. Moreover, there was a manufacturer's defect

wherein the stain did not appear to be evenly distributed on the individual squares. The first flooring was taken up with the consent of the Kellys. Though the evidence was disputed, the jury was warranted in believing that before installation the installer informed Mr. Kelly that the lines would not match because of the unevenness of the cement floor. Kelly insisted upon that particular vinyl even to the extent of forcing the squares so that the lines would match. Kelly was informed that the substance was pure polyurethane and as such had a "memory" so that the squares would ultimately resume their original size and shape when the squares warmed or contracted, etc. The result would be that the compressed square would press against the sides of the adjoining squares and ultimately "pop up." Notwithstanding this warning, the same covering was reinstalled. The "popping up" did in fact occur. After repeated efforts to successfully glue the squares back down, the Kellys refused to allow Floor Bazaar back into the house to finish the reglueing. The Kellys ultimately demanded that Floor Bazaar remove the flooring and pay for inconvenience. Floor Bazaar then filed the present suit seeking payment for the services rendered in the amount of $2,200. Following the jury trial, a verdict of $1,500 was returned in favor of Floor Bazaar. The Kellys filed the present appeal enumerating eleven alleged errors. *Held:*

The Kellys do not contest the contract or the charge of the court. The enumerations of error deal solely with evidentiary matters that allegedly affected the jury in its determination to the prejudice of the defendants. Two of the enumerations deal with the admission of hearsay (1 and 3), two with relevancy (2 and 4), three with expert testimony (5, 6, and 7), and the last four pertain to the admission of documentary or pictorial evidence.

We have carefully examined each of the enumerations of error. We conclude that the asserted hearsay conversations were properly admitted under Code § 38-302 to explain conduct and as such should be considered not as hearsay but as original evidence. *Arnold v. State,* 236 Ga. 534, 536 (224 SE2d 386). The objections to relevancy concerned evidence that showed how the Kellys came into contact with the appellee's business and how

they became aware of the particular type of floor covering. Any evidence is relevant which logically tends to prove or to disprove any material fact which is at issue in the case, and every act or circumstance serving to elucidate or throw light upon a material issue or issues is relevant. *Allen v. State,* 137 Ga. App. 755, 756 (224 SE2d 834). Moreover, where the relevancy or competency of evidence is doubtful, it should be admitted and its weight left to the determination of the jury. *Lovejoy v. Tidwell,* 212 Ga. 750, 751 (95 SE2d 784); *Cravey v. J. S. Gainer Pulpwood Co.,* 128 Ga. App. 465 (4) (197 SE2d 171). Documentary evidence of the cost of the material to Floor Bazaar, the invoice from Floor Bazaar to the Kellys and pictures of the disputed tile work, all tend to shed light on the nature and cost of the work involved. We find that each document was properly identified and was relevant to the proceedings. The amount of evidence required to identify such exhibits is a matter left within the sound discretion of the trial court. *Johnston v. State,* 232 Ga. 268, 270 (1) (206 SE2d 468); *Adams v. State,* 142 Ga. App. 252, 254 (5) (235 SE2d 667). Finally, the basis of the objection to the expert testimony was that the expert was not qualified as such. We disagree. The witness was actively engaged in the tile business and was familiar with the practice of the business in the Atlanta area. Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830). We find no such abuse in this case.

Our examination of the transcript in this case discloses no harmful error to the rights of the appellants. The jury's verdict and the judgment are fully supported by the evidence. Accordingly, we find no merit in any of the enumerations presented.

*Judgment affirmed. Quillian, P. J., and Smith, J., concur.*

ARGUED NOVEMBER 19, 1979 — DECIDED JANUARY 24, 1980.

*Warren W. Wills, Jr.,* for appellants.

*Richard A. Larson,* for appellee.