## 65639. BURNETTE v. THE STATE.

DEEN, Presiding Judge.

Appellant Burnette was charged with two counts of selling marijuana and one count of selling cocaine. A Sumter County jury found him guilty on one marijuana count and not guilty on the other and was unable to reach a verdict on the cocaine charge. A mistrial on this count resulted, and Burnette received a ten-year sentence on the single conviction.

In bringing this appeal Burnette first enumerates as error the court's denial of his motion for judgment notwithstanding the verdict and his motion in arrest of judgment, both of which he alleges should have been granted because of his acquittal on one marijuana charge. He enumerates two further errors: (1) that the court erred in refusing to allow his attorney to impeach a defense witness whose in-court testimony contradicted a prior statement and thereby created surprise, resulting in entrapment; and (2) that the court erred in admitting into evidence bags of marijuana bearing allegedly prejudicial identifying markings made by the arresting officer. *Held:*

1. Appellant appears to be correct in assigning as error the court's refusal to allow him, on the basis of surprise, to cross-examine his own witness regarding a prior inconsistent statement. Under recent decisions of the Supreme Court of Georgia, defense counsel may introduce a prior inconsistent statement even if he does not plead entrapment by showing either surprise or resulting harm. See *Davis v. State,* 249 Ga. 309 (290 SE2d 273) (1982); *Gibbons v. State,* 248 Ga. 858 (286 SE2d 717) (1982); *Wilson v. State,* 235 Ga. 470 (219 SE2d 756) (1975). In this case appellant's aunt's testimony at trial was that when making her prior statement (which would have given the accused a partial alibi for the marijuana count on which he was convicted) she had been confused as to the days of the week, and that she had subsequently become aware of this error and was therefore altering her testimony accordingly. The trial court should have permitted defense counsel to undertake to impeach the witness by cross-examination.

In order for an error to be grounds for reversal, however, appellant must show not only error but ensuing harm. Under the "highly probable" test employed in this state, we hold that the error was harmless. *Johnson v. State,* 238 Ga. 59 (230 SE2d 869) (1976). In the case *sub judice* the testimony at issue was but one strand in a fabric of evidence. Its effect was merely cumulative of other evidence pointing to appellant's guilt of the offense charged, and therefore was not necessarily prejudicial *per se. Clayton v. State,* 149 Ga. App. 374 (254 SE2d 495) (1979). Even without the aunt's statement, the

evidence was sufficient to authorize a reasonable trier of fact to find the accused guilty of the offense charged beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State,* 245 Ga. 89 (263 SE2d 131) (1980).

2. Appellant's contention that the identifying markings placed on the bags of marijuana by the state were prejudicial is without merit. A reasonable juror would understand the origin and purpose of such markings and would not conclude that the markings in and of themselves were evidence. With or without the identifying marks, the jury would have decided that the GBI agent's testimony was to be either believed or disbelieved. In this instance they apparently found him credible. Determination of a witness' credibility is within the discretion of the trier of fact. OCGA § 24-9-80 (Code Ann. § 38-1805); *Malone v. State,* 142 Ga. App. 47 (234 SE2d 844) (1977).

3. Appellant's contention that, since the dates of the offenses for which appellant was indicted were not made essential averments of the indictment, acquittal on one count of selling marijuana barred a verdict of guilty on a second count alleging the same offense on a different date. This amounts to a bizarre misreading of relevant law. The rule that appellant attempts to invoke is this: when a defendant is indicted for multiple instances of the same offense, differing from one another only as to date, and the dates are not expressly made essential averments, he can be found guilty of such an offense on any date within four years prior to being charged; following conviction of any number of such offenses occurring within the statutory four years, however, he can receive no more than a single sentence for all such offenses. The fact situation here is readily distinguishable from that to which the doctrine of merger, which appellant urges, would apply. See *Pryor v. State,* 238 Ga. 698 (234 SE2d 918) (1977). Moreover, as indicated supra, the rule cited applies only to the sentencing phase of the trial, and not to determination of the guilt or innocence of the accused. This assignment of error is also without merit.

*Judgment affirmed. Banke, J., concurs. Carley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED MARCH 14, 1983.

*William Jonathan Murray,* for appellant.
*John R. Parks, District Attorney,* for appellee.