67000. HOLMAN MOTOR COMPANY v. EVANS.
67001. TOYOTA MOTOR SALES, U. S. A., INC. v. EVANS
et al.

SOGNIER, Judge.

C. C. Evans sued Holman Motor Company (Holman), Toyota Motor Sales, U. S. A., Inc. (TMS), and others to recover for personal injuries received on June 2, 1979, when the Toyota automobile in which she was a passenger went out of control and collided with other

vehicles. The driver of the car was Evans' cousin; the owner was Evans' aunt, who had purchased the car new from Holman in July 1978. Holman and TMS filed motions for summary judgment which the trial court denied. We granted TMS' application for an interlocutory appeal, as the record disclosed it was being held accountable as a manufacturer. Holman seeks review of the denial of its motion for summary judgment under the authority of *Executive Jet Sales v. Jet America,* 242 Ga. 307 (248 SE2d 676) (1978).

1. Appellant TMS contends that the trial court erred by denying its motion for summary judgment.

a. TMS first contends that appellee cannot recover under a theory of strict liability because TMS was not the manufacturer of the car, but only the importer. See *Ellis v. Rich's,* 233 Ga. 573, 577-578 (212 SE2d 373) (1975). Appellee argues that even though TMS was not the actual manufacturer, it can be held strictly liable as one *representing* itself as the manufacturer and holding the product out as its own. See Carney v. Sears, Roebuck, 309 F2d 300, 304 (4th Cir. 1962); Moody v. Sears, Roebuck, 324 FSupp. 844, 845 (S.D.Ga. 1971); Media Production Consultants v. Mercedes-Benz, 262 S2d 377, 380 (La. 1972). Under the facts presented in the instant case, we find the proposition offered by appellee inapplicable. In Carney and Moody, supra, the Sears trade name appeared on the merchandise and there was nothing connected with the sale to show that anyone but Sears was involved. In the instant case, however, the owner's manual identified the manufacturer of the car as Toyota Motor Co., Ltd. Further, in the Media case, the American Mercedes-Benz distributor not only supplied the car but also inspected and prepared it for sale to the dealer. Evidence in the instant case is uncontroverted that TMS never had physical possession of the car before it was sold to appellee's aunt. See *Ellis v. Rich's,* 132 Ga. App. 430, 432 (208 SE2d 331) (1974), aff'd. 233 Ga. 573, supra.

Since TMS was not the manufacturer of the car, it cannot be held liable on a theory of strict liability. *Ellis,* 233 Ga. at 577-578; *Pierce v. Liberty Furniture Co.,* 141 Ga. App. 175 (1) (233 SE2d 33) (1977).

b. TMS' contention that appellee cannot recover against it on its claim of negligent inspection is correct, since the evidence is undisputed that TMS was not the manufacturer and never tested, inspected, nor had physical possession of the car at any time.

c. TMS contends that appellee cannot recover against it upon any theories based upon breach of implied warranties because there is no privity of contract between TMS and appellee, and because any implied warranties were effectively disclaimed. We turn first to the latter argument.

Although TMS was not the manufacturer, it was specifically named in the owner's guide as one of the entities to which United States consumers could look for purposes of the warranty. However, the implied warranties, including those of merchantability and fitness, were limited to the first 12 months or 12,500 miles of the warranty period under a heading in the Warranty section of the owner's guide, "WHAT IS NOT COVERED." As it was undisputed that the collision occurred when the car had been operated for over 17,000 miles, the implied warranties had expired. *Henderson v. Gen. Motors Corp.,* 152 Ga. App. 63 (1) (262 SE2d 238) (1979). Therefore, we need not determine whether the requisite privity of contract existed between appellee and TMS. See *Ellis,* supra.

d. Finally, TMS argues that appellee cannot recover against it on any theory of liability grounded upon the National Traffic and Motor Vehicle Safety Act of 1966, as amended, 15 USCA § 1381 et seq. (MVSA), because the Act does not provide a private cause of action. Without deciding this question or determining what rights appellee may have under this law, we simply note the following: (1) In Lowe v. Gen. Motors Corp., 624 F2d 1373, 1378 (5th Cir. 1980), the United States Court of Appeals for the Fifth Circuit found it unnecessary to determine whether a private right of action lay under the MVSA but noted that the district court had applied the guidelines of Cort v. Ash, 422 U. S. 66, 78 (95 SC 2080, 45 LE2d 26) (1975), and concluded that there was no private remedy for negligence under the Act. (2) The MVSA provides at 15 USCA § 1415 (a) (1), that civil actions brought to enforce notification and remedy orders may be brought only in federal district court. (3) If it is appellee's intention that TMS' alleged violation of the MVSA be used as evidence of negligence, see Lowe, supra at 1379-1380, we have determined that appellee has no actionable claim of negligence against TMS. See Division 1b, above.

e. On a motion for summary judgment, the burden is on the movant to demonstrate that there are no genuine issues of fact and that the movant is entitled to judgment as a matter of law. *Harison-Gulley Chevrolet v. Carr,* 134 Ga. App. 449, 450 (214 SE2d 712) (1975). TMS carried its burden and thus the trial court erred in denying its motion for summary judgment.

2. We have considered Holman's appeal of the denial of its motion for summary judgment without an application for interlocutory review having been granted because Holman's appeal is tied to the appeal of an appealable order as to TMS. *Southeast Ceramics v. Klem,* 246 Ga. 294 (1), 295 (271 SE2d 199) (1980); *Alexander Underwriters v. Ins. Agencies,* 156 Ga. App. 560, 563 (3) (275 SE2d 138) (1980).

Appellant Holman contends that the trial court erred in denying its motion for summary judgment because all of the theories upon which appellee based its claims for relief were negated by the evidence adduced on motion for summary judgment.

a. Holman argues that since the evidence establishes that it was not the manufacturer of the car, appellee cannot proceed against it on a theory of strict liability. We agree, based upon the holdings in *Ellis* and *Pierce,* supra.

b. We also agree with Holman's contention that it effectively and lawfully disclaimed any implied warranties by virtue of its contract disclaimer that met the requirements of OCGA § 11-2-316 (2) and (3) (a) (Code Ann. § 109A-2—316). See *Corbett v. North Fla. Clarklift,* 155 Ga. App. 701 (1) (272 SE2d 563) (1980); *Hutchinson Homes v. Guerdon Indus.,* 143 Ga. App. 664, 665 (239 SE2d 553) (1977). Appellee's argument that the disclaimer of implied warranties was invalid because unconscionable under OCGA § 11-2-302 (Code Ann. § 109A-2—302) is without merit. *Avery v. Aladdin Products &c. Indus.,* 128 Ga. App. 266, 267 (2) (196 SE2d 357) (1973).

c. Finally, Holman contends that the trial court erred in denying its motion for summary judgment as to appellee's negligence claim based upon Holman's alleged failure to properly inspect the car and to warn of the product defect.

The alleged product defect was in the left front strut assembly, which is part of the suspension system and located in the wheel area. The evidence showed without conflict that following the collision, there was a break in the interior strut assembly where the tip of the strut spindle is welded to the strut shell socket. Evidence given by expert witnesses for the parties was conflicting, however, as to whether the break was the cause of the accident by depriving the driver of steering control of the car, or was caused by the accident, specifically by the severe forces on impact.

Construing the evidence most favorably to appellee as non-movant on motion for summary judgment, *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 5 (126 SE2d 442) (1962), we accept as true appellee's evidence that the break in the strut assembly was a manufacturing defect. The critical issue on motion for summary judgment insofar as Holman is concerned, is whether it was negligent in failing to discover the defect in the course of its pre-delivery and 1000-mile inspections of the car.

"It is the general rule that a vendor or dealer who is not the manufacturer is under no obligation to test an article, purchased and sold by him, for the purpose of discovering latent or concealed defects, but that when he purchases and sells in the usual course of

trade, an article in common and general use, without knowledge of its dangerous quality, and with *nothing tending reasonably to call his attention thereto,* he is not negligent in failing to exercise care to determine whether it is dangerous or not." *King Hardware Co. v. Ennis,* 39 Ga. App. 355, 360 (147 SE 119) (1928). "Of course, if a dealer does inspect or test its merchandise, it must do so nonnegligently." *Gen. Motors Corp. v. Davis,* 141 Ga. App. 495, 499 (6) (233 SE2d 825) (1977). Thus, "[h]aving made . . . inspection[s], [Holman] would be liable for any patent defect which the inspection[s] might reveal and could be negligent for not discovering such defects as might reasonably have been unearthed." *Jones v. Cranman's Sporting Goods,* 142 Ga. App. 838, 840-841 (237 SE2d 402) (1977). See *J. C. Lewis Motor Co. v. Simmons,* 128 Ga. App. 113, 114 (1) (195 SE2d 781) (1973). See generally *Griffith v. Chevrolet Motor Div.,* 105 Ga. App. 588, 593 (2b) (125 SE2d 525) (1962).

In support of its motion for summary judgment, Holman presented evidence to show that its inspections did not involve examination of the interior components of the strut assembly, that the only phase of the inspections performed in the wheel area entailed checking the tire pressure, that the defect could not have been detected in such a visual inspection, and that had such a defect been noticeable it would have caused the car to function improperly. Appellee's expert witness, a metallurgist, testified by affidavit that in his opinion, fluid had been leaking from the strut shell over a long period of time through cracks in the weld at the base of the shell. This evidence is sufficient to raise the inference that the defect might have been detected by visual inspection. See *J. C. Lewis Motor Co.,* supra. Thus, an issue of fact remains as to whether Holman was negligent in its inspection of the automobile.

d. We find that jury questions remain with regard to Holman's negligence and the trial court did not err in denying Holman's motion for summary judgment as to this issue. However, we see no questions of fact remaining as to Holman on issues of strict liability and implied warranty and the trial court erred in not granting partial summary judgment in favor of Holman as to these issues.

*Judgment affirmed in part and reversed in part in Case No. 67000. Judgment reversed in Case No. 67001. Quillian, P. J., and Pope, J., concur.*

DECIDED JANUARY 31, 1984.

*Charles A. Wiley, Jr., Eve A. Appelbaum,* for appellant (case no.

67000).

Douglas R. Haynie, Charles M. Shaffer, Jr., John P. Marinan, John T. Marshall, James A. Eidson, Edgar A. Neely III, Randall H. Davis, for appellees.

Edgar A. Neely III, Randall H. Davis, for appellant (case no. 67001).

Douglas R. Haynie, Charles M. Shaffer, Jr., John P. Marinan, John T. Marshall, James A. Eidson, Donald M. Fain, for appellees.