## 70205. LLANO v. DeKALB COUNTY.
### (331 SE2d 36)

BANKE, Chief Judge.

This is an appeal from a judgment entered on a jury verdict in favor of the appellee-condemnor in a condemnation case. *Held*:

1. The appellee's motion to dismiss the appeal based on a delay in filing the transcript is denied. Failure of the appellant to cause the transcript to be filed in accordance with the time limitations set forth in OCGA § 5-6-42 is not itself a ground for dismissal of the appeal, absent a judicial determination that the resulting delay was both unreasonable and inexcusable. See OCGA § 5-6-58; *Young v. Jones*, 147 Ga. App. 65 (1) (248 SE2d 49) (1978).

2. The appellant's first enumeration of error concerns the trial court's alleged refusal to admit a copy of a sublease agreement between himself and Amoco Oil Company pertaining to the property in question. However, we are not referred to the location in the transcript where such evidence was offered, nor are we cited to any ruling

of the trial court excluding it. In the absence of such references to the transcript, this enumeration of error will not be considered. See Rule 15 (c) (3) of this court.

3. The trial court did not err in charging the jury that the appellant had a duty to take reasonable steps to minimize the damage resulting from the loss of his business, the appellee having introduced at least some evidence to indicate that relocation options were available to the appellant. See *Garber v. Housing Auth. of Atlanta*, 123 Ga. App. 29 (3), 31-32 (179 SE2d 300) (1970); *Continental Corp. v. Dept. of Transp.*, 172 Ga. App. 766 (1) (324 SE2d 588) (1984).

*Judgment affirmed. McMurray, P. J., and Benham, J., concur.*

DECIDED APRIL 18, 1985 —
REHEARING DENIED MAY 2, 1985.

*S. Lee Storesund*, for appellant.
*George P. Dillard*, for appellee.