## A91A0881. ROSEQUIST v. PRATT.
### (410 SE2d 316)

McMURRAY, Presiding Judge.

Frances Rosequist brought an action against Cecil Leonard Pratt alleging that he negligently drove a motor vehicle into the rear of a "moped" operated by plaintiff's 13-year-old child, Minda B. Rosequist, and wrongfully caused the child's death. Defendant admitted that he was involved in a collision with Minda B. Rosequist, but alleged that the child caused the collision when she "suddenly drove a 1986 Honda Spree directly into the path of the [vehicle defendant was operating]." The case was tried before a jury and the jury returned a verdict for defendant. This appeal followed the denial of plaintiff's motion for new trial. *Held*:

1. Plaintiff contends the trial court erred in granting defendant's motion in limine, excluding testimony that defendant offered to pay for Minda B. Rosequist's medical and funeral expenses.

Defendant filed a motion in limine and asserted that "[p]laintiff should be prohibited from offering evidence or referring in the presence of the jury to an allegation that defendant . . . offered to take care of medical or funeral expenses of the decedent."[1] The trial court

---

[1] The advantage of a motion in limine is an advance ruling on the admissibility of evi-

granted the motion at a pretrial hearing and stated that he "would deem [such a remark] to be in the nature of a settlement offer." Plaintiff's attorney responded as follows: "I would not deem it to be in the nature of a settlement offer. That's not the way it was offered. I deem it to be an admission against interest that took place with my client. . . . It was not saying anything like, 'We're going to settle it.' It was more in the nature of, 'Make sure you get her the best' type of thing; you know, 'and we'll take care of it.' "[2]

Evidence of "activity constituting a voluntary offer of assistance made on the impulse of benevolence or sympathy should be encouraged and should not be considered as an admission of liability. 31A CJS 742, § 291; 2 Wigmore (3d Ed.) p. 159, § 283a." *Gray v. Delta Air Lines*, 127 Ga. App. 45, 52 (3), 53 (192 SE2d 521). In the case sub judice, defendant's offer to pay Minda B. Rosequist's hospital and funeral expenses does not appear to have been made in a spirit of compromise or as an admission of legal liability for the child's death. On the contrary, the record shows that the statement was directed to the child's bereaved relatives a day after the collision. Under these circumstances, we find no error in excluding evidence that defendant offered to pay for Minda B. Rosequist's medical and funeral expenses. *Utz v. Powell*, 160 Ga. App. 888, 890 (2) (288 SE2d 601). See *Steverson v. Eason*, 194 Ga. App. 273 (3) (390 SE2d 424).

2. Plaintiff contends the trial court erred in excluding her accident reconstruction expert's testimony regarding the cause of the collision. This enumeration is without merit.

The record shows that plaintiff never offered proof of the expected opinion from her accident reconstruction expert. Consequently, there remains nothing for review. *Anderson v. Jarriel*, 224 Ga. 495, 496 (3) (162 SE2d 322).

3. Error is enumerated in the trial court's refusal to admit evidence of Minda B. Rosequist's album of photographs and awards, ar-

---

dence so as to insulate the jury from exposure to harmful inadmissible evidence. McCormick on Evidence (3rd ed.) § 52, pp. 126, 128. However, the moving party may be hard-pressed in establishing a basis for the exclusion of evidence since it is impossible to know exactly what evidence will be offered at trial. A good practice would therefore be to require an offer of proof from the proponent of the evidence so as to clarify any pre-trial ruling on admissibility and preserve the record for appeal. This practice would also enhance the trial judge's perspective before deciding whether to consider pre-trial objections to prospective evidence, i.e., the trial judge can more easily determine whether an informed decision on admissibility can be made before evidence is offered at trial. See 1 Wigmore, Evidence, § 18, pp. 790, 801-807.

[2] The trial transcript reveals no offer of proof regarding the specific testimony defendant sought to exclude. However, the substance of the excluded testimony is apparent from the context of plaintiff's attorney's response to the trial court's assessment of the expected objectional evidence. Consequently, we address this enumeration based on plaintiff's attorney's perception of the objectional evidence and upon evidence derived from the witnesses expected to give the objectional testimony.

guing that this evidence was relevant as to prove the full value of the child's life.

" 'It is an old and sound rule that error to be reversible must be harmful.' (Citations and punctuation omitted.) *Kolman, Inc. v. Burns*, 191 Ga. App. 758, 759 (382 SE2d 702) (1989)." *Ingram v. Peterson*, 196 Ga. App. 888, 890 (6), 891 (397 SE2d 141). In the case sub judice, the jury found for defendant on the issue of liability. Consequently, any error in excluding evidence as to the value of Minda B. Rosequist's life is harmless.

4. Plaintiff contends the jury's verdict was contrary to the evidence and strongly against the weight of evidence.

"It is well settled that such matters as negligence, ordinary care, comparative negligence, and assumption of risk are to be resolved by the jury. *McKinney & Co. v. Lawson*, 180 Ga. App. 550, 551 (349 SE2d 763) (1986); *Eyster v. Borg-Warner*, 131 Ga. App. 702 (206 SE2d 668) (1974). It is also the jury which assesses the credibility of witnesses and the weight to be assigned to the evidence. *Young v. State*, 232 Ga. 176 (205 SE2d 307) (1974); *Armour v. State*, 154 Ga. App. 740 (270 SE2d 22) (1980); *Causey v. State*, 154 Ga. App. 76 (267 SE2d 475) (1980)." *Cullen v. Timm*, 184 Ga. App. 80, 81 (1) (360 SE2d 745). " 'The jury is the final arbiter of the facts and the verdict must be construed by the trial and appellate courts in the light most favorable to upholding the jury verdict.' *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (256 SE2d 916, 921) (1979)." *Gorin v. FPA 2, P.C.*, 184 Ga. App. 239, 240 (361 SE2d 193).

In the case sub judice, defendant testified that he was attempting to pass a small Honda motorcycle on a rural highway when the driver (Minda B. Rosequist) of the motorcycle "made a left turn right in front of . . ." defendant's vehicle. Defendant testified that he did not have time to take evasive action and that he collided into the motorcycle. Defendant explained that "[a]ll I could do [was] put my brakes on as hard as I could." This testimony authorized the jury's finding that defendant's actions were not the proximate cause of Minda B. Rosequist's death. See *Palmer v. Farmer*, 184 Ga. App. 753 (1) (362 SE2d 453).

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED SEPTEMBER 3, 1991.

*Jan W. McKinney*, for appellant.

*Rogers, Magruder, Sumner & Brinson, J. Clinton Sumner, Jr., Dudley B. Magruder, Jr., Jefferson L. Davis, Jr.*, for appellee.