**FIRST DIVISION**
**PHIPPS, C. J.,**
**DOYLE, P. J., and BOGGS, J.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**June 17, 2015**

# In the Court of Appeals of Georgia

A15A0265. BROWN v. DEKALB COUNTY et al.                    BO-012

A15A0267. LITTLE et al. v. DEKALB COUNTY et al.            BO-013

BOGGS, Judge.

Quintez Brown and Kimberly Brown, individually and as legal guardian and natural parent of her four minor children, filed personal injury actions against DeKalb County ("the County") and others as a result of a collision involving a DeKalb County fire truck. On appeal, they contend that the trial court erred by granting summary judgment in favor of the County. For the reasons explained below, we agree and reverse.

"On appeal from the denial of summary judgment the appellate court is to conduct a de novo review of the evidence to determine whether there exists a genuine issue of material fact, and whether the undisputed facts, viewed in the light most

favorable to the nonmoving party, warrant judgment as a matter of law." (Citation and punctuation omitted.) *Hood v. Todd*, 287 Ga. 164, 165 (695 SE2d 31) (2010); see OCGA § 9-11-56 (c).

So viewed, the evidence shows that on May 3, 2011, Brown was driving a car in which Little and her three children were passengers when it collided with a DeKalb County Fire Department truck. Brown and Little testified that they never saw the fire truck before the collision. The driver of the fire truck never saw Brown's car before the collision, while two fire truck passengers saw it just before the impact and had no time to give a warning.

The testimony conflicts as to whether the car driven by Brown struck the fire truck as Brown entered the intersection with a green light or whether the fire truck struck Brown as it entered the intersection against a red light. Brown and Little claim the fire truck struck them, while all other witnesses stated that the car driven by Brown struck the fire truck. Little testified that the car was at a standstill immediately before the impact, while Brown testified that he had just started to proceed when the fire truck struck his car. According to the driver and two passengers of the fire truck, the fire truck entered the intersection with its lights and siren activated when all traffic was stopped and the intersection was clear. An accident reconstruction expert

2

averred in an affidavit that based upon data retrieved from Brown's car, it traveled at a constant speed of 29 mph for 213 feet without any braking immediately prior to impact.

It is undisputed that at the time of the accident, the fire truck was responding to an emergency call and was blowing an air horn at the time it entered the intersection. Two firefighters averred in an affidavit that the flashing red emergency lights on the fire truck "were visible from a much greater distance than 500 feet" at the time of the accident. There is conflicting testimony about how hard it was raining at the time of the accident. Brown and Little both testified that it was "pouring down raining," while the fire truck driver testified that it was "slightly raining."

Evidence regarding the speed of the fire truck at the time of the impact also conflicts. Occupants of the fire truck and an independent witness testified that the fire truck was moving at a slow rate of speed at the time of the impact. While Little did not see the fire truck before the impact, she testified that she was "guesstimating" that it was traveling 60 to 70 mph based upon how the impact felt. She acknowledged that she did not have any training in engineering or accident reconstruction.

Little and Brown contend on appeal that a jury should be allowed to decide the following issues: (1) "whether it was reasonable for the emergency vehicle to have

3

entered the intersection when the light was red when there was a torrential rain at the time of the collision"; (2) "whether the DeKalb County fire truck entered the intersection with their audible signal and flashing red lights"; and (3) whether the "fire truck was authorized to enter[] the intersection when the light was red based upon the exception provided under Code section OCGA § 40-6-6."

We start our analysis with a well-established principle: "That an accident occurred and a plaintiff suffered injury establishes no basis for recovery unless the plaintiff comes forward with evidence showing that the accident was caused by the defendant's negligence." (Citations and punctuation omitted.) *Morton v. Horace Mann Ins. Co.*, 282 Ga. App. 734, 736 (1) (639 SE2d 352) (2006). In order to examine whether appellants submitted proof that the driver of the fire truck was negligent, we must examine the following provisions of OCGA § 40-6-6:

> (a) The driver of an authorized emergency vehicle or law enforcement vehicle, when responding to an emergency call, when in the pursuit of an actual or suspected violator of the law, or when responding to but not upon returning from a fire alarm, may exercise the privileges set forth in this Code section.

> (b) The driver of an authorized emergency vehicle or law enforcement vehicle may: . . . (2) Proceed past a red or stop signal or stop sign, but only after slowing down as may be necessary for safe operation; . . .

4

(c) The exceptions granted by this Code section to an authorized emergency vehicle shall apply only when such vehicle is making use of an audible signal and use of a flashing or revolving red light visible under normal atmospheric conditions from a distance of 500 feet to the front of such vehicle. . . .

(d)(1) The foregoing provisions shall not relieve the driver of an authorized emergency vehicle from the duty to drive with due regard for the safety of all persons. . . .

(3) The provisions of this subsection shall apply only to issues of causation and duty and shall not affect the existence or absence of immunity which shall be determined as otherwise provided by law.

In this case a genuine issue of material fact exists as to whether the fire truck proceeded past the red signal "only after slowing down as may be necessary for safe operation," OCGA § 40-6-6 (b) (2), and "with due regard for the safety of all persons." OCGA § 40-6-6 (d) (1). Little's testimony that the fire truck was traveling

60 to 70 mph at the time of impact[1] precludes summary judgment in favor of the County based upon OCGA § 40-6-6.

> Although evidence may be entirely circumstantial as to the rate of speed of an automobile, it may be sufficient to support a reasonable conclusion reached by the jury on the issue of negligence. Evidence of the force of the impact of a collision, or as to the distance which the automobile that caused the injury traveled from the point of the collision until it stopped, may of itself, and in connection with other circumstances, be sufficient to warrant a finding of the jury of negligence as to speed.

(Citations omitted.) *Shockey v. Baker*, 212 Ga. 106, 110 (4) (90 SE2d 654) (1955).

See also *Thompson v. Hardy Chevrolet-Pontiac-Buick, Inc.*, 203 Ga. App. 499, 503-

---

[1] Little's lay opinion testimony is admissible under the new Evidence Code which applies in this case, OCGA § 24-7-701 (a). Her estimate of the fire truck's speed is based upon her first-hand perception of the impact. Any objection to Little's basis of knowledge "goes to the weight of the evidence rather than to its admissibility." *United States v. Myers*, 972 F.2d 1566, 1578 (III) (C) (11th Cir. 1992). Lay opinion testimony about the speed of a vehicle is "quintessential Rule 701 opinion testimony." *Asplundh Mfg. Div. v. Benton Harbor Engineering*, 57 F.3d 1190, 1197 (II) (A) (3rd Cir. 1995), superseded on other grounds, *Estate of Knoster*, 200 Fed. Appx. 106, 111 n. 3 (3rd Cir. 2006). See also *Western & Atlantic. R. v. Thompson*, 38 Ga. App. 599 (144 SE 831) (1928) (under former evidence law, witness could give opinion of speed based upon his experience of being knocked down and run over by the train, even though he did not see train before it struck him); *Rentz v. Collins*, 51 Ga. App. 783 (3) (181 SE 678) (1935) (under former evidence law, lay witness allowed to give opinion as to speed even though "a mere 'guess'" based upon way defendant's car dragged witness's car around when they collided).

504 (3) (417 SE2d 358) (1992) ("The manner and speed at which an automobile is being operated may be established by circumstantial evidence. [Cit.]"). "[E]ven where [a lay witness] 'refuses to swear positively that his estimate of the speed is absolutely accurate, where it appears that he believes it to be substantially correct, the credit to be given such testimony is for the jury.'" *Whidby v. Columbine Carrier*, 182 Ga. App. 638, 645 (6) (356 SE2d 709) (1987), overruled on other grounds, *Pender v. Witcher*, 194 Ga. App. 72, 73 (2) (389 SE2d 560) (1989). We therefore reverse the trial court's grant of summary judgment in favor of DeKalb County.

*Judgment reversed. Phipps, C. J. and Doyle, P. J., concur.*